Jasen, J. (dissenting).
I dissent and vote to reverse the order of the Appellate Division for the reasons stated in the dissenting opinion by Mr. Justice Myles J. Lane at the Appellate Division. (53 AD2d 86, 106.) I would add only a brief comment. As the majority of my colleagues put it, "the insured was not, or may not have been, completely faultless, assuming that his mental condition did not affect his judgment”. In fact, the insured, a medical doctor, concealed from the insurance company the knowledge that, only four months prior to his application for life insurance, he had been confined to a hospital for treatment of a severe mental condition, described in the hospital record as "acute schizophrenic reaction-paranoid type”. Despite his deteriorating mental condition and his simultaneous treatment for diabetes, the insured stated, in his insurance application, that he was in "good health” and had not been treated by a physician for a period of three years.
In my view, the insured committed a fundamental fraud on the insurance company, in the absence of which the $200,000 policy at issue here would never have been accepted. The undisputed misrepresentations are material as a matter of law. (E.g., Leamy v Berkshire Life Ins. Co., 39 NY2d 271, 274.) The fraud committed by the insured went to the very heart of the policy. The asserted misrepresentations by the insurance *1090 company’s agent related to the effect that the new policy would have on existing policies and become quite beside the point when it is considered thát, without the insured’s fraudulent conduct, the new policy would not have been issued at all. It is disingenuous for the respondent to argue, as she does, that the insurer misrepresented the effect of the policy when the insured committed a primary and overriding fraud which, if it had been known, would have precluded any negotiations over the effect of the policy whatsoever, simply because without the fraud there would have been no policy.
As for the public policy argument advanced by the majority in this court, it is sufficient to say that one of the most basic of all public policies is the policy against permitting unscrupulous persons from profiting from their own wrong. (E.g., Riggs v Palmer, 115 NY 506, 511-512.) I cannot subscribe to a decision which authorizes the wife of an insured to collect $200,000 in life insurance, notwithstanding that the insured took his own life as a consequence of the very mental disease that the insured skillfully hid from the insurance company. In this instance, neither law, nor equity, nor public policy, authorize, much less favor, the enforcement of a policy obtained only through the exercise of the grossest type of fraud. The insured died within the contestability period and estoppel, which is an equitable doctrine, should not be invoked to enforce a fraud.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed, with costs, in a memorandum.